**Eddy Soewasetio NJOO, Jenny Setiawati Bong,**
**Petitioners,**

v.

**Michael B. MUKASEY, U.S. Attorney General,[1] Respondent.**

No. 06–5857–ag.

United States Court of Appeals, Second Circuit.

Feb. 11, 2008.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

---

H. Raymond Fasano, New York, New York, for Petitioners.

Peter D. Keisler, Assistant Attorney General, Carol Federighi, Senior Litigation Counsel, Kristin K. Edison, Attorney, United States Department of Justice, Civil Division, Office of Immigration Litigation, Washington, District of Columbia, for Respondent.

PRESENT: Hon. THOMAS J. MESKILL,[2] Hon. ROSEMARY S. POOLER, Hon. ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Petitioners Eddy Soewasetio Njoo and Jenny Setiawati Bong, natives and citizens of Indonesia, seek review of the November 30, 2006 order of the BIA affirming the May 24, 2005 decision of Immigration Judge ("IJ") Adam Opaciuch pretermitting their applications for asylum, and denying their applications for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Eddy*

*Soewasetio Njoo & Jenny Setiawati Bong,* No. A95 367 167/98 485 464 (B.I.A. Nov. 30, 2006), *aff'g* No. A95 367 167/98 485 464 (Immig.Ct.N.Y.City, May 24, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, we may consider both opinions for the sake of completeness if doing so does not affect our ultimate conclusion. *Wangchuck v. DHS,* 448 F.3d 524, 528 (2d Cir.2006). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 (2d Cir. 2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 305 (2d Cir.2007).

Because petitioners' brief to this Court did not challenge the agency's pretermission of their asylum applications as untimely and its denial of CAT relief, we deem any such claims abandoned. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). Regarding the denial of their applications for withholding of removal, we find that such denial was supported by substantial evidence.

Petitioners' argument that the agency failed to consider the cumulative significance of their past experiences is without merit where the IJ specifically found that while they had suffered harassment and discrimination, "in the aggregate, [their experiences] would not rise to the level of persecution." *See Manzur v. U.S. Dep't of*

---

**2.** The Honorable Thomas J. Meskill, who was originally assigned to the panel, died prior to our resolution of this petition. The remaining two members of the panel, who are in agreement, decide this case in accordance with Second Circuit Local Rule 0.14(b).

*Homeland Sec.*, 494 F.3d 281, 290 (2d Cir. 2007) (mandating consideration of claims in the aggregate). To the extent that they disagree with the agency's conclusion that the cumulative effect of their experiences was not sufficiently severe to constitute persecution, the record here does not "compel" a finding opposite to the agency's. *Zhou Yun Zhang*, 386 F.3d at 73 & n. 7; *see also Matter of A–M–*, 23 I. & N. Dec. 737, 739–40 (BIA 2005) (finding that the applicant, an ethnic Chinese Christian, had not demonstrated past persecution).

Petitioners also argue that the IJ and the BIA engaged in a "superficial analysis" of their contention, which they raised to the BIA, that the record demonstrates a "pattern or practice of persecution" of ethnic Chinese Christians in Indonesia. 8 C.F.R. § 1208.16(b)(2)(i). In *Mufied v. Mukasey*, 508 F.3d 88 (2007), we found that the agency committed reversible legal error when "[n]either the IJ nor the BIA appear[ed] to have considered [the petitioner's] claim that there is a pattern of persecution of Christians in Indonesia." *Id.* at 91. We came to this conclusion because the IJ, in that case, "clearly based her decision on [the petitioner's] failure to establish that he would be singled out for persecution." *Id.* In deciding that a remand would not be futile in light of *In re A–M–*, 23 I. & N. Dec. 737, 741 (B.I.A. 2005) (holding that, based "on the record before [it]," "the threat of harm to Chinese Christians in Indonesia by the Government . . . is [not] so systemic or pervasive as to amount to a pattern or practice of persecution."), we stressed, first, that the petitioner "relie[d] on more recent reports and evidence" than that before the BIA in *In re A–M–*. We next concluded that "the BIA's analysis in *In re A–M* does not provide us sufficient guidance for how to evaluate a pattern or practice claim." *Mufied*, 508 F.3d at 92; *see id.* at 93 (noting that "we are unsure even as to what indi-

ces the Board had in mind to guide us in assessing whether persecution is systemic, pervasive, or organized at all."). Finally, we emphasized that "[t]he potential costs of a wrong decision on a pattern or practice claim are considerable because once the court finds that a group was subject to a pattern or practice of persecution, every member of the group is eligible for [relief] . . . [and] the consequences of an erroneous denial of a pattern or practice claim are obviously grave as well." *Id.* (internal citation omitted). Because "[s]tandardless and *ad hoc* decisionmaking by federal courts or by individual immigration judges is especially to be avoided with respect to [such issues]," we were "hopeful that the Board [would] take this opportunity to elaborate upon the 'systemic, pervasive, or organized' standard it has adopted and provide sufficient detail to guide both immigration judges and courts of appeals as they apply it to new factual contexts." *Id.* (internal citation omitted).

The present case differs from *Mufied* in that here the agency did *not* "*clearly* base[ ] [its] decision on [the petitioner's] failure to establish that he would be singled out for persecution." *Id.* at 91 (emphasis added). In this case, the BIA found that "the documentary evidence in the record does not show that conditions in Indonesia have worsened to the point where it would be more likely than not that the respondents would be persecuted because of their religion or their ethnicity." Assuming, arguendo, that the agency did not commit the error, discussed in *Mufied*, of analyzing the petitioner's 'pattern or practice' claim in terms of the individualized threat to the petitioners, the agency's reasoning gives no indication of what legal framework it did use to analyze their claim. The BIA's decision does not mention that the petitioner raised a 'pattern or practice' claim; it did not cite the applica-

ble regulations or its applicable precedent; and neither the IJ nor the BIA stated or discussed the 'systemic, pervasive, or organized' standard that the agency purportedly applies to evaluating a pattern or practice claim. *See In re A–M–*, 23 I. & N. Dec. at 741. Indeed, the only portion of the BIA's reasoning that might be applicable to the petitioner's pattern or practice claim explicitly focuses on whether conditions in Indonesia have "worsened." The Board cites no authority-and we are aware of none-for the proposition that a pattern or practice claim should turn on whether conditions have worsened in a country. Given that we cannot be sure what standard the agency used based on this record, we must remand to the agency for a fuller explanation. *See Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 401 (2d Cir.2005) (We may not base our decision to deny review "on a basis not set forth in an administrative decision because to do so would usurp the function of the administrative adjudicator.") (citing *SEC v. Chenery*, 318 U.S. 80, 88, 63 S.Ct. 454, 87 L.Ed. 626 (1943)).

If, on remand, the BIA adheres to its 'systemic, pervasive, or organized' standard, we remain hopeful that the BIA will take this opportunity, as well as the one presented in *Mufied*, to explain the standard in more detail.

For the foregoing reasons, the petition for review is GRANTED, the decision of the Board is VACATED, and the matter is REMANDED for proceedings not inconsistent with this decision. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).